BELLEVILLE v. INGRAM.

1. NEGLIGENCE — MOTOR VEHICLES — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

In an action for personal injuries claimed by plaintiff to have been caused by the negligence of the driver of defendant's truck in veering to the left and forcing the automobile in which plaintiff was a passenger, which was attempting to pass the truck going in the same direction, into collision with a street car, the question of the contributory negligence of the driver of plaintiff's car was a question of fact for the jury, under the evidence.[1]

2. SAME—IMPUTABLE NEGLIGENCE.

The contributory negligence, if any, of the driver of the automobile in which plaintiff was a passenger was imputable to plaintiff.[2]

3. SAME—ORDINANCES—TRIAL—INSTRUCTIONS.

In such action, where plaintiff pleaded violation of a city ordinance providing that the driver of a vehicle shall not materially vary the course in which his vehicle is proceeding without first looking back to ascertain whether it is safe to make such turn, and there was evidence to

[1]Motor Vehicles, 28 Cyc. p. 49; [2]Id., 28 Cyc. p. 38.
On imputed negligence of passenger riding in automobile driven by another precluding recovery against third person for injury, see note in L. R. A. 1915B, 953.

support said violation, it was error to refuse a requested instruction based thereon.[3]

4. SAME—EVIDENCE.

Testimony by plaintiff's attorney that he called on both defendants and that they admitted ownership of the truck alleged to have caused plaintiff's injuries, *held*, sufficient to take the question of said ownership to the jury.[4]

5. SAME—TRIAL—INSTRUCTIONS.

An instruction to the jury that if they should find that the driver of the truck swerved suddenly to the left in the path of plaintiff's car, without using care and caution, so as to make it impossible for the plaintiff to avoid an accident, then they should regard that in determining whether such action was negligence on the part of the driver, was erroneous, since, if the facts were so found, the defendants would be liable for damages and the plaintiff was entitled to have the jury so informed.[5]

6. DAMAGES—PAIN AND SUFFERING—EVIDENCE—QUESTION FOR JURY.

Upon the question of damages, at least for plaintiff's pain and suffering, the evidence presented a question for the jury.[6]

Error to Wayne; La Joie (Ernest P.), J.      Submitted January 6, 1925.      (Docket No. 8.)      Decided April 3, 1925.

Case by Henry H. Belleville against Albert Ingram and another for personal injuries.      Judgment for defendants.      Plaintiff brings error.      Reversed.

*Charles C. Stewart,* for appellant.

*C. R. Hospers,* for appellees.

WIEST, J.      An automobile in which plaintiff was riding as a guest was struck by a street car and plaintiff injured.      Claiming the automobile was forced into collision with the street car by having its right front wheel hub caught by the rear left wheel of a

[3]Motor Vehicles, 28 Cyc. p. 49; [4]Id., 28 Cyc. pp. 47, 48; [5]Id., 28 Cyc. p. 49; [6]Damages, 17 C. J. § 361.

truck owned by defendants, plaintiff brought this suit to recover damages for personal injuries, lost his case in the circuit and reviews by writ of error.

Plaintiff claims that about 5 o'clock the afternoon of May 5, 1922, he was riding in the Buick roadster of William G. Weber, going west on the north side of Charlevoix street in the city of Detroit, and near Seminole avenue the roadster overtook a truck belonging to defendants, driven by one of their employees; that Weber signaled his desire to pass the truck and started to go by and had proceeded until the radiator of the automobile was nearly opposite the cab of the truck, when the truck made toward the center of the street, stopped the automobile from proceeding, and Mr. Weber applied the brake to let the truck proceed, which it did, but the left rear wheel of the truck caught the right front wheel hub of the automobile and jerked the automobile into the path of a street car with which it collided to the injury of plaintiff.

Failure of the truck driver to continue his course after signal by Mr. Weber of his intention to pass, and in turning to the left without looking to the rear to ascertain whether he could vary his course with safety, in violation of traffic regulations fixed by statute and an ordinance of the city, constituted the negligence counted on in the declaration. Defendants contend that the truck did not come in contact with the automobile at all, but Mr. Weber drove head on into the street car, and also insist that under plaintiff's testimony the driver with whom he was riding was guilty of contributory negligence and the court should have so directed the jury. The driver of the truck admitted veering toward the center of the street to pass an automobile parked on the north side of the street and claimed he made no sharp or sudden turn and looked back before changing his course. Plaintiff testified there was no automobile parked

there and the truck driver veered toward the center of the street with utter indifference to the rights of other users and the signal given by Mr. Weber.

We think the contributory negligence of Mr. Weber imputable to plaintiff, if any, was a question of fact for the jury and defendants were not entitled to a directed verdict.

An ordinance of the city was pleaded and introduced and plaintiff insisted its provisions had a bearing upon the question of the negligence of the truck driver, but the trial judge was of the opinion there was not evidence to warrant the submission of violation of the ordinance to the jury. The applicable provision of the ordinance is section 19:

"The driver of a vehicle shall not materially vary the course in which his vehicle is proceeding * * * without first looking back to ascertain whether it is safe to make such turn."

The ordinance was enacted for the purpose of regulating use of the streets with a degree of care calculated to prevent just such crowding over and collision as claimed by plaintiff. One should not cut into the path rightfully open to other users of the street without observing whether the move can be made without endangering others. This element of care is what the ordinance commanded, and it is but an expression of common sense and plaintiff had an undoubted right to have it placed before the jury in connection with his claim of how the accident happened and the indifference of the driver of the truck to rights of other users of the street. The substance of plaintiff's first request to charge should have been given.

Defendants contend there was no evidence that the truck was owned by them. Mr. Stewart, attorney for plaintiff, testified that he called on both defendants and they stated the truck belonged to them.

Counsel for defendants states in the brief that an objection was made to the testimony of Mr. Stewart, not appearing in the printed record, and directs attention to the transcript. We ought not to have to search the transcript, but we have done so and find no objection there noted. In the amended record defendants assign error:

"At the close of the plaintiff's case, the court erred in refusing to direct a verdict of no cause of action for the following reasons:" Stating grounds.

After this case was submitted on briefs, defendants filed a motion to have the record amended to show that, at the close of plaintiff's proofs in the circuit, defendants moved for a directed verdict, with decision reserved thereon by the court. When the motion to amend was made, the case had been discussed by the full bench and determination reached. Without deciding whether such a motion should be granted in any case, we find it unnecessary to grant it in this instance for the reason that we are satisfied the case was one for consideration by the jury and the decision here would not be different if the record contained the proposed amendment.

Immediately following declination to permit the jury to consider the ordinance provision, the trial judge gave this instruction:

"If you find in this case that the driver of the motor vehicle in front, that is, the truck, that is, under the theory of the plaintiff in the case, swerved suddenly to the left in the path of the plaintiff's car without using care and caution in the sudden swerving to the left and in such a manner as to make it impossible for the plaintiff's car, or the car in which the plaintiff was riding, to avoid an accident or help himself in any way, then, members of the jury, you may regard that in determining whether or not the suddenness of the swerving to the left or the manner of conducting the defendants' motor vehicle was negligence on the part of the driver."

If the jury found the facts as stated in the instruction then defendants would be liable and plaintiff was entitled to have the jury so informed, instead of merely considering such facts upon the question of whether defendants' driver was negligent.

Defendants claim that plaintiff failed to prove sufficient damages to take the case to the jury. We hardly know what to make of this claim.

Plaintiff testified:

"Nearly all my front teeth were knocked out. Nine teeth were knocked out and broken off and two loosened; I broke my jaw bone and my lip was cut clear through. There was a big hole in my head here (indicating). My eye was hurt and a big chunk of skin and flesh came off of my knee just below the knee cap and my hand was hurt. Dr. Bowers attended me and I was incapacitated from doing my ordinary work three weeks and after I was on the job I couldn't do anything. I have never recovered entirely. I have suffered much pain and that is still continuing. My jaw is so sore I can't press on it. It is like pins and needles in there. I can hardly hear at all. * * * It made me nervous and weak."

We are quite of the opinion this testimony carried the question of damages, for pain and suffering at least, to the jury.

The judgment is reversed, and a new trial granted, with costs to plaintiff.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.